WHALEN et al. v. FONDA, J. & G. R. CO. (Supreme Court, Appellate Division, Third Department. May 2, 1906.) Appeal from Trial Term. Action by John W. Whalen and others against the Fonda, Johnstown & Gloversville Railroad Company. From a judgment and orders in favor of the defendant, plaintiffs appeal. Affirmed.

PER CURIAM. Judgment and orders affirmed, without costs on the appeal of either party.

SMITH, J. (dissenting). The jury has found both plaintiff and defendant negligent. Their conclusion warrants the judgment entered, provided they were guided to that conclusion by proper rules of law stated by the trial judge in his charge. In stating what duty was required of the plaintiff the trial judge said: "If they had the duty to look when they entered on the track, did they not have a duty to continue to look? I so charge you; that their duty was not fully performed by looking to see a car when they entered upon the track, but they should continue the observation so long as they were on the track." Further: "I charge you as a matter of law that this car, run in the manner that they knew it was, had the preference, and they should have been ready to have made the track clear when the car came, and whether they should do it by having a man look is not for us to speculate." In Atlantic Coast Electric Railroad Company v. Wilson, 62 N. J. Law, 773, 42 Atl. 1041, the Court of Errors and Appeals of New Jersey has stated the rule that, as between an electric trolley car and a traveler upon the highway who is crossing, "neither party at such a crossing has a paramount right of way." In Solomon v. Buffalo Railway Company, 96 App. Div. 487, 89 N. Y. Supp. 99, the rule is recognized that at street intersections a trolley company has no paramount right over a traveler who is crossing the street, and it is further held: "A refusal to charge in such a case that the rights of the street car and of the vehicle at the point in question were equal is not cured by a charge that it was incumbent upon the street railway company 'to use all reasonable care and caution to avoid injury to the plaintiff (an occupant of the vehicle) or to any one else.'" A part of the charge quoted would seem to state the duty of the plaintiff to have been to keep off from the

track at their peril. While this may be deemed to have been modified by other parts of the charge, which stated that they had the right to be upon the track in the performance of their work and that it was their duty to exercise reasonable care, this broad statement could not but have been prejudicial to the interests of the plaintiff in the determination by the jury as to whether they had exercised reasonable care. If, however, this statement may be deemed so far to have been modified by other parts of the charge as to state fairly the rule of law, nevertheless the statement is clearly made that the defendant railroad company had a preference at this crossing. Within the authorities cited a trolley company has no preference over a traveler. I can see no reason why this plaintiff has not an equal right with a traveler. He is lawfully upon the highway at that crossing, and necessarily there in the performance of his work in the repair of the highway. I know of no reason, therefore, why the defendant should have any preference there which would compel the plaintiff to keep clear of the track at its peril. I dissent, therefore, from an affirmance of the judgment so far as the judgment dismisses the plaintiff's complaint.